MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant, *v.* DONALD HIRST et al., Defendants, and NASSAU LANE CORPORATION, Respondent.

First Department, June 22, 1948.

*Vincent Keane* of counsel (*Louis W. Dawson,* attorney), for appellant.

*Norman A. Howard* for respondent.

*Per Curiam.* The court has held that the suit is barred against defendant-respondent by the six-year limitation contained in section 47–a of the Civil Practice Act effective September 1, 1938 (L. 1938, ch. 499), as to actions upon a bond, payment of which is secured by a mortgage on real property. The basis of the decision is that section 1077-g of the Civil Practice Act provides for payment of statutory amortizations at prescribed rates and that concededly such payments were not made in 1943; that plaintiff, the mortgagee, could have sued between January 1, 1943, and September 1, 1944, the date when suit would have been barred unless running of the statute was suspended.

But section 24 of the Civil Practice Act provides that when commencement of an action has been stayed by statutory prohibition, the time of continuance of the stay is not part of the time limited for the commencement of the action. In this case the mortgage moratorium statutes, sections 1077–a to 1077–g of the Civil Practice Act by statutory prohibition stayed beginning of any action until the first default herein, to wit, January 1, 1943. Accordingly the period from September 1, 1938, the effective date of section 47–a here applicable, to January 1, 1943, " is not a part of the time limited for the commencement of the action " (Civ. Prac. Act, § 24), and the statute did not start to run at least until January 1, 1943, when by the provisions of section 1077–g (" Mortgages not affected ") suit could have been commenced for the first time on that date.

Section 1077–f (" Statute of limitations not to run during emergency ") provides in its first sentence that despite any provisions of article 2 of the Civil Practice Act (and this includes § 24 and § 47–a) an action shall not be barred until one year after the " termination of the emergency." That sentence clearly enlarges the period and does not shorten it. The second sentence explicitly says the section shall not be construed " to shorten the period." This merely repeats what the first sentence impliedly said, that the section does not shorten but enlarges the period within which any such action may be commenced.

Plaintiff contends that under the terms of the moratorium statutes, sections 1077–a to 1077–g of the Civil Practice Act, the statute of limitations does not commence to run until a date *later* than January 1, 1943. For the purpose of disposition of this appeal, however, it is not necessary to pass upon that question, as in any event on this record the earliest date when the statute could commence to run is January 1, 1943.

This action was instituted in December, 1947. The Statute of Limitations is not a defense.

With the learned Special Term, we agree that on the facts undisputed, the other defenses are without merit.

The judgment and order appealed from granting summary judgment in defendant-respondent's favor should be reversed with costs to appellant; defendant-respondent's motion for summary judgment denied; and plaintiff's motion for summary judgment granted.

PECK, P. J., GLENNON, DORE and VAN VOORHIS, JJ., concur; SHIENTAG, J., dissents and votes to affirm.

Order and judgment reversed, with costs to the appellant, defendant-respondent's motion for summary judgment denied and plaintiff's motion for summary judgment granted.